FILED
2012 AUG 20 P 3:06
GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

$ 250 DEPOSITED
AUG 20 2012

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

Celeste Garrett
1205 Lost Nation
Apt. 201
Willoughby, OH 44094

    Plaintiff,

vs.

University Hospitals of Cleveland, Inc.
3605 Warrensville Center Road
MSC 9215 – HR
Shaker Hts., OH 44122-5203

    Defendant.

) CASE NO.:
)
) JUDGE
)
)              Complaint
)     RONALD SUSTER
)     CV 12 789635
)
)
) **COMPLAINT**
)
) (Jury Demand Endorsed Hereon)
)
)
)

Now comes Plaintiff, Celeste Garrett (hereinafter "Plaintiff"), by and through her undersigned counsel, Dworken & Bernstein Co., L.P.A., and for her Complaint against University Hospitals of Cleveland, Inc. (hereinafter "Defendant") states as follows:

**PARTIES**

1. Plaintiff is a resident of Willoughby, Lake County, Ohio.

2. Plaintiff was an eligible employee of Defendant as that term is defined for purposes of the Family and Medical Leave Act 29 U.S.C. Section 2601, et. seq. (hereinafter "FMLA").

3. Defendant is a corporation duly licensed to do business in the State of Ohio with a facility located in Cuyahoga County, Ohio.

4. Defendant was Plaintiff's employer for purposes of the FMLA.

## JURISDICTION AND VENUE

5.  Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Four (4) of this Complaint as if fully rewritten herein.

6.  This Court has subject matter jurisdiction over this action pursuant to the provisions of the FMLA.

7.  This Court has personal jurisdiction over Defendant.

8.  This action is properly venued.

## STATEMENT OF FACTS

9.  Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Eight (8) of this Complaint as if fully rewritten herein.

10. Plaintiff was employed by Defendant.

11. During the course of her employment, Plaintiff was approved for intermittent FMLA leave through April 22, 2011 because of a serious health condition of her minor child.

12. Plaintiff's minor child suffers from seizures which constitute a serious health condition for purposes of the FMLA.

13. On February 24, 2011, Plaintiff called off indicating that her daughter was having a seizure.

14. Despite the fact that Plaintiff had FMLA leave in place to cover these types of absences, Defendant would not characterize this absence as FMLA leave pursuant to Plaintiff's previously approved intermittent FMLA leave.

15. As a result of the February 24, 2011 action, Plaintiff was terminated.

16. Defendant's termination of Plaintiff was undertaken in violation of the FMLA.

17. As a direct and proximate result of Defendant's termination of Plaintiff, Plaintiff has sustained and continues to sustain, lost wages, lost benefits and has incurred other costs and expenses, including, but not limited to attorneys' fees, all in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00).

## COUNT I
## RETALIATION FOR TAKING FMLA LEAVE

18. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Seventeen (17) of this Complaint as if fully rewritten herein.

19. The time Plaintiff took off of work as result her daughter's serious health condition qualifies as FMLA leave of absence in accordance with the provisions of the FMLA.

20. The foregoing conduct by Defendant in refusing to recognize Plaintiff's February 24, 2011 absence as FMLA leave constitutes retaliation for Plaintiff asserting her rights under the FMLA in violation of 29 U.S.C. §2615(a)(2).

21. As a direct and proximate result of Defendant's retaliation of Plaintiff's FMLA rights, Plaintiff has sustained and continues to sustain lost wages, lost benefits and has incurred other costs and expenses, including, but not limited to attorneys' fees in an amount in excess of $25,000.00.

## COUNT II
## INTERFERENCE WITH FMLA RIGHTS

22. Plaintiff realleges and reavers each and every allegation contained in Paragraphs One (1) through Twenty-One (21) of this Complaint as if fully rewritten herein.

23. The time Plaintiff took off of work as result of her daughter's serious health condition qualified as FMLA leave in accordance with the provisions of the FMLA.

24. The foregoing conduct by Defendant in failing to recognize the February 24, 2011 absence as FMLA leave constitutes an interference with Plaintiff's assertion of her rights under the FMLA in violation of 29 U.S.C. §2615(a)(1).

25. As a direct and proximate result of Defendant's interference of Plaintiff's FMLA rights, Plaintiff has sustained and continues to sustain lost wages, lost benefits and has incurred other costs and expenses, including, but not limited to attorneys' fees in an amount in excess of $25,000.00.

WHEREFORE, for the foregoing reasons, Plaintiff requests the following relief:

A. Compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00);

B. Liquidated damages pursuant to the FMLA;

C. Attorneys' fees and costs as provided for under the law;

D. Pre- and post-judgment interest; and

E. Such other and further relief as this Honorable Court may deem Plaintiff to be entitled.

Respectfully submitted,

*Richard N. Selby, II*
Richard N. Selby, II, Esq. (#0059996)
rselby@dworkenlaw.com
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391

*Attorney for Plaintiff Celeste Garrett*