**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Celeste Garrett,** | ) | **CASE NO. 1: 12 CV 2371** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **University Hospitals of Cleveland, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

This is a removed action alleging claims under the Family Medical Leave Act, 29 U.S.C. §2601 (the "FMLA").  Defendant University Hospitals Cleveland Medical Center (named in the complaint as "University Hospitals of Cleveland, Inc." and hereinafter referred to as "University Hospitals") moves for judgment on the pleadings.  (Doc. 12.)  For the reasons stated below, the motion is granted.

**Facts**

Plaintiff, Celeste Garrett, is a former employee of University Hospitals.  Plaintiff alleges in her complaint that "[d]uring the course of her employment," she was approved for "intermittent FMLA leave through April 22, 2011 because of a serious health condition of her

1

minor child."  (Complt., ¶11.)  She alleges that on February 24, 2011, "she called off [work] indicating that her daughter was having a seizure," but "[d]espite the fact that Plaintiff had FMLA leave in place to cover these types of absences, Defendant would not characterize this absence as FMLA leave pursuant to Plaintiff's previously approved intermittent FMLA leave."  Instead, plaintiff was terminated from her employment "[a]s a result of the February 24, 2011 action."  *Id.*, ¶¶13-15.  Plaintiff's complaint alleges two claims against University Hospitals, retaliation for taking FMLA leave (count I) and interference with FMLA rights (count II).

University Hospitals moves for judgment on the pleadings "as to the entirety" of plaintiff's complaint on the basis of judicial estoppel.

**Standard of Review**

Federal Rule of Civil Procedure 12(c) provides:  "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  The standard of review for a motion for judgment on the pleadings is the same as the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Vickers v. Fairfield Med. Ctr.,* 453 F.3d 757, 761 (6th Cir. 2006).  A motion for judgment on the pleadings is appropriately granted when the movant establishes that there is no material issue of fact to be resolved and that he is entitled to judgment as a matter of law.  *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).  In determining a motion for judgment on the pleadings, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations as true.  *Vickers,* 453 F.3d at 761.  However, the court is not required to accept legal conclusions or unwarranted factual inferences.  *JP Morgan*

2

*Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007).  In determining the motion, the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them.  2-12 Moore's Federal Practice – Civil § 12.38 (2012).

**Discussion**

Section 521(a) of the Bankruptcy Code requires a debtor to file a schedule of assets and liabilities, a schedule of current income and expenditures, and a statement of the debtor's financial condition.  11 U.S.C. §521(a)(1).  It is well-settled that a cause of action is an asset that must be scheduled under §521(1).  *See Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004).  The disclosure obligations of consumer debtors "are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge."  *Lewis v. Weyerhauser Co.*, 141 Fed. Appx. 420, 424 (6th Cir. 2005).  Moreover, a debtor's disclosure obligation is a "continuing one," and a debtor must amend his financial statements if situations change.  *Harrah v. DSW, Inc.*, 852 F.Supp.2d 900, 903 (N.D. Ohio 2012).

University Hospitals contends that plaintiff is judicially estopped from pursuing the FMLA claims she asserts in this case because plaintiff failed to disclose the claims in plaintiff's prior, "ongoing" Chapter 13 voluntary bankruptcy proceedings.  In particular, court records show that plaintiff initially filed a voluntary Chapter 13 bankruptcy petition in the Bankruptcy Court for the Northern District of Ohio on April 19, 2008, Case No. 08-12848 (Bankruptcy 1).  Bankruptcy 1 was dismissed for plaintiff's inability to make required plan payments.  On September 10, 2008, plaintiff filed a second Chapter 13 voluntary bankruptcy petition, Case No. 08-16903 (Bankruptcy 2).  Bankruptcy 2 was also dismissed for plaintiff's

3

failure to make required plan payments.  On January 23, 2013, five months after plaintiff filed this action against University Hospitals, plaintiff filed a third Chapter 13 voluntary bankruptcy petition, Case No. 13-10394 (Bankruptcy 3).  Plaintiff filed a sworn Summary of Schedules in connection with her third voluntary petition that listed her financial assets and liabilities.  Plaintiff did not list any legal claims against University Hospitals as assets on her Schedule B- Personal Property, the proper place for listing as assets "contingent and unliquidated claims of every nature."  On March 19, 2013, the Bankruptcy Court confirmed plaintiff's Chapter 13 plan.

     The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  *White v. Wyndham Vacation Ownership, Inc*., 617 F.3d 472, 476 (6th Cir. 2010), citing *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).  The Sixth Circuit has recognized that the doctrine of judicial estoppel applies in the bankruptcy context and serves to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship."  *White*, 617 F.3d at 476, quoting *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002).  In the Sixth Circuit, judicial estoppel is appropriate in the bankruptcy context when: (1) a debtor assumes a position contrary to one she asserted under oath in a prior bankruptcy proceeding; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) the debtor's omission did not result from mistake or inadvertence.  *White*, 617 F.3d at 478.  In determining whether the debtor's conduct resulted from mistake or inadvertence, the court considers whether: (1) the debtor lacked knowledge of the factual basis of the undisclosed claims; (2) she had a

4

motive for concealment of the claims; and (3) the evidence indicates an absence of bad faith. *Id.*

University Hospitals contends the Court should apply judicial estoppel here, asserting in its motion for judgment on the pleadings that:

> Plaintiff has unquestionably failed to comply with her duty to disclose in her bankruptcy filings the claims contained in this lawsuit. As evidenced by Plaintiff's August 20, 2012 complaint . . . , Plaintiff had knowledge of, and should have scheduled, her pending claims of FMLA interference and retaliation against [University Hospitals] at the time she filed her Summary of Schedules on January 23, 2013. Instead, Plaintiff allowed the Bankruptcy Court to confirm her Chapter 13 Plan based on incomplete information, thereby hindering the bankruptcy trustee's ability to perform his duties.

(UH Mem. at 7.)

In her opposition brief, plaintiff does not dispute that she had knowledge of the factual basis for her FMLA claims against University Hospitals at the time she filed her Summary of Schedules listing her financial assets and liabilities with the bankruptcy court on January 23, 2013.[1] Nor does she contest the element of a motive for concealment. Instead, in her opposition brief, plaintiff argues that the Court should not apply judicial estoppel in this case because her failure to identify her FMLA claims in her January 23, 2013 bankruptcy petition was inadvertent. (Pltf. Opp. at 2.) Plaintiff asserts that she viewed her "re-opening" in 2013 of her previously dismissed bankruptcy to be "an entirely separate matter" from her FMLA litigation. She asserts that her "primary motivation" for re-filing for bankruptcy in January 2013 "was her concern that she was going to lose her vehicle due to her financial problems."

---

[1] Indeed, she takes the position that University Hospitals wrongly failed to characterize her absence from work on February 24, 2011 as covered under the FMLA and wrongfully terminated her.

5

(*Id*. at 3.)  She asserts that "she did not believe the termination lawsuit had any relationship to her vehicle."[2]  (*Id*. at 4.)  Further, plaintiff asserts that on April 25, 2013, in response to University's Hospital's motion, she filed Amended Schedules with the bankruptcy court specifically identifying her FMLA claim as a contingent and unliquidated claim on Schedule B- Personal Property.  Thus, she contends, any proceeds recovered from her FMLA lawsuit will now be appropriately "dealt with in the bankruptcy proceeding."  (*Id*.)

Plaintiff also argues that the Court should not apply the equitable doctrine of judicial estoppel because it would lead to harsh results and allow the defendant a windfall.  She asserts that "now that the schedules have been amended and the bankruptcy court is aware of the claim, Defendant stands to potentially reap a windfall to the detriment of Plaintiff's creditors" and "should not be allowed to avoid the consequences of its conduct due to a lack of sophistication of Plaintiff."  (Pltf. Opp. at 12.)

University Hospitals contends in its reply brief that plaintiff's belated effort to schedule her employment lawsuit, and her claim that she did not appreciate the need to schedule the lawsuit when she filed for bankruptcy five months after her FMLA lawsuit was filed, are insufficient to demonstrate inadvertence.  To the contrary, University Hospitals contends that plaintiff's professed ignorance of the law is no excuse for a party's failure to comply with the bankruptcy code's disclosure requirements.  It also contends a lack of bad faith does not exist here, where plaintiff was fully represented by attorneys in both her employment case and her bankruptcy proceedings yet only amended her schedules in her

---

[2]

     Plaintiff also asserts that her "confusion" was exacerbated by the fact that she had separate counsel in her wrongful discharge action and her bankruptcy proceeding.

6

bankruptcy proceeding to disclose her employment lawsuit *after* she was faced with a motion for judgment on the pleadings on the basis of judicial estoppel. Further, University Hospitals contends that plaintiff's belated disclosure of her contingent claims is "inadequate" because her "amended petition still does not list an estimated value for her claims and, therefore, does not put the [bankruptcy] Trustee or her creditors on notice of the alleged value of her claim."

University Hospital's motion for judgment on the pleadings is granted. The Sixth Circuit has instructed that in determining whether there is evidence of lack of bad faith for purposes of judicial estoppel, the court looks "in particular, at [the debtor's] 'attempts' to advise the bankruptcy court of her omitted claim." *White*, 617 F.3d at 478. That is, in determining whether there is a lack of bad faith, the focus is on whether and when the debtor made efforts to correct her bankruptcy schedules or otherwise apprise the bankruptcy court of undisclosed claims. *See id.* at 480. In *White*, the Sixth Circuit stated that since judicial estoppel seeks to prevent parties from abusing the judicial process through cynical gamesmanship, it would "not consider favorably" efforts made by a debtor to correct an omission that were made only after a defendant filed a motion to dismiss. *Id*. Accordingly, the Sixth Circuit upheld the district court's application of judicial estoppel in *White*, where the debtor did not amend her schedules except in response to a dispositive motion by the defendant. In a prior Sixth Circuit case on which the plaintiff heavily relies, *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894 (6th Cir. 2004), the Sixth Circuit reversed a district court's decision barring a lender liability claim on the basis of judicial estoppel, finding there was evidence that the plaintiff borrowers inadvertently failed to disclose their civil claim in their previous bankruptcy proceeding. But in *Eubanks* (unlike here), the plaintiff debtors

7

made numerous, self-initiated attempts to correct their initial omission of their civil claim from their bankruptcy filings and to inform the bankruptcy trustee of their claim *before* and after the defendant filed a motion to dismiss on the basis of judicial estoppel. As the Sixth Circuit observed in *White*, the plaintiffs in *Eubanks*:

> (1) orally informed the bankruptcy trustee of their claim during a meeting of the creditors. In response, the trustee instructed (both orally and by a letter sent on the same day) their counsel to sent him all of the documents regarding the claim. The plaintiffs then: (2) sent the trustee the requested documents concerning the claim two days later; (3) contacted the trustee on several occasions over the next several months to determine whether he intended to pursue the claim on behalf of the estate; (4) amended their schedules in the bankruptcy matter to include defendant as a creditor on Schedule F (although, they failed to amend their schedule B to include the claim under potential assets); and (5) moved the bankruptcy court for a status conference on the issue of the lender liability claim.

*White*, 617 F.3d at 477, n. 3  Further, "*after* the plaintiffs filed their lender-liability lawsuit and after the defendant filed a motion to dismiss on the basis of judicial estoppel, the plaintiffs in *Eubanks*: (1) unsuccessfully moved to allow the trustee to be substituted for plaintiffs in the lender liability action after the trustee initially refused to abandon the claim in the bankruptcy proceeding . . . and (2) filed an amendment to their original bankruptcy petitioner to add the lender liability claim to their bankruptcy schedule B." *Id*.

Here, however, the plaintiff did not take any steps to amend her schedules to disclose her civil FMLA claims in her bankruptcy proceeding, or to otherwise apprise the bankruptcy court of her omitted claims, except in response to University Hospital's motion for judgment on the pleadings. Courts in this district have applied *Eubanks* and *White* and held judicial estoppel appropriate in similar circumstances. *See Harrah v. DSW Inc.*, 852 F. Supp.2d 900 (N.D. Ohio 2012) (Nugent, J.); *Campana v. Things Remembered, Inc*., Case No. 1:12 CV 106,

2013 WL 271807 (N.D. Ohio Jan. 24, 2013) (Boyko, J.).

Plaintiff's arguments are similar to those considered and rejected by the district court in *Harrah v. DSW Inc.*, 852 F. Supp.2d 900.  The *Harrah* court granted a motion for judgment on the pleadings on the basis of judicial estoppel where the plaintiff, like the plaintiff here, failed to take steps to apprise the bankruptcy court of civil claims of which she was aware except in reaction to a dispositive motion.  As here, the plaintiff claimed that she did not appreciate or understand at the time she filed for bankruptcy that her employment claims were assets which required disclosure in her bankruptcy proceeding.  The court found that plaintiff's failure to schedule her employment claims was not inadvertent as that term is defined in relation to a Chapter 13 debtor's disclosure obligations, finding that a debtor's ignorance of the law is not an excuse for failing to disclose known civil claims in bankruptcy.  The court further found that plaintiff's asserted ignorance was "unreasonable" because the plaintiff was represented by an attorney in her bankruptcy proceeding.  In addition, the court rejected the plaintiff's argument that judicial estoppel should not apply on the ground that the defendant would suffer no prejudice as a result of the plaintiff's failure to disclose (but would be permitted to avoid the consequences of its potentially illegal conduct if judicial estoppel were applied).  The *Harrah* court recognized "there [was] no question that judicial estoppel is a harsh remedy with potential undesirable consequences" such as allowing "an alleged tortfeasor who is unharmed by any lack of disclosure in bankruptcy court to walk away without defending the civil charges alleged against it."  *Harrah*, 852 F.Supp.2d at 907.  Nonetheless, the court stressed that the proper focus in determining whether to apply judicial estoppel in the bankruptcy context is not whether the defendant would suffer prejudice, or the

9

effect of judicial estoppel on "individual litigants." Rather, judicial estoppel must be viewed "in light of the paramount importance of disclosure in bankruptcy, and the desire to protect the integrity of the courts." *Id*. The court found the plaintiff's non-disclosure not to be inadvertent as that term is construed in the bankruptcy disclosure context and found all of the circumstances to find judicial estoppel present. Plaintiff had "knowledge"of the factual basis of her undisclosed claims; had a motive to conceal assets because it is always a Chapter 13 petitioner's interest to minimize income and assets in a bankruptcy proceeding; and the evidence did not show a lack of bad faith as plaintiff failed to amend her schedules or to disclose her civil claims to the bankruptcy court until only after the defendant pointed out plaintiff's non-disclosure in its motion for judgment on the pleadings.

The court in *Campana v. Things Remembered, Inc*., 2013 WL 271807, likewise granted a motion for judgment on the pleadings on the basis of judicial estoppel where the plaintiff failed to disclose in a bankruptcy proceeding employment claims of which she was aware until after the defendant filed the motion for judgment on the basis of judicial estoppel.

*Harrah* and *Campana* are on point and persuasive to demonstrate that judicial estoppel is appropriate here. As in *Harrah* and *Campana*, the plaintiff did not amend her schedules or otherwise apprise the bankruptcy court of her causes of action under the FMLA until after University Hospitals filed its present motion for judgment on the pleadings despite that plaintiff clearly had knowledge of the factual basis for her FMLA claims when she filed for bankruptcy in 2013 and was represented by counsel in both her bankruptcy and employment matters. As in *Harrah*, plaintiff's assertions of lack of sophistication and legal ignorance are unreasonable to demonstrate inadvertence in this context in that plaintiff was

represented by counsel in both her bankruptcy and employment matters. As the *Harrah* court reasoned, to allow a plaintiff to amend sworn bankruptcy filings in these circumstances, only after her omission is raised by an adversary, encourages debtors to disclose some assets in bankruptcy only if they are caught concealing them. *See Harrah*, 852 F.Supp. 2d at 906. This is the very sort of gamesmanship judicial estoppel was designed to prevent.

**Conclusion**

For the reasons stated above, University Hospitals' motion for judgment on the pleadings on the basis of judicial estoppel is granted.

IT IS SO ORDERED.

                                       /s/ Patricia A. Gaughan
                                       PATRICIA A. GAUGHAN
                                       United States District Judge

Dated: 5/21/13